IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARREN L. PAULY, JR.,

    Plaintiff,

v.                                                Civ. No. 09-1114 RLP/ACT

CORRECTIONAL PROPERTIES TRUST,
THE GEO GROUP, INC., CORRECTIONAL
MEDICAL SERVICES, INC. and
JOSE G. ANDRADE-BARRAZA, M.D.

MEMORANDUM OPINION AND ORDER

      This case was removed from state court.  Plaintiff raises claims under 42 U.S.C. § 1983 for violations of the federal and state constitutions, and common law negligence against Correctional Properties Trust (CPT), The GEO Group, Inc. (GEO), Correctional Medical Services, Inc., and Jose G. Andrade-Barraza, M.D.  CPT and GEO have moved for summary judgment pursuant to Fed.R.Civ.P. 56; the other two Defendants are not parties to the motion.  For the reasons set forth below, the motion is granted.

      The following facts are undisputed.  At all relevant times, Plaintiff was incarcerated at the Lea County Correctional Facility (LCCF) in Hobbs, New Mexico.  Defendant CPT owns the physical premises of LCCF.  Lea County, where the facility is located, has contracted with the New Mexico Corrections Department (NMCD) to house state prisoners and NMCD has the responsibility for providing health care services to inmates.  Pursuant to the Agreement between NMCD and Lea County, the county contracted with Defendant GEO to provide appropriate space and security support for inmates.

      Plaintiff suffers from extra pulmonary small cell carcinoma of the esophagus.  He alleges that he received inadequate medical care while being housed at LCCF and that the

Defendants' omissions violated his Eighth Amendment rights under the United States Constitution and Art. II § 13 of the New Mexico Constitution. He also claims common law negligence for Defendants' failure to provide appropriate diagnostic services and medical treatment. He alleges that had he received adequate diagnostic and medical care, he would have had a chance for a better outcome.

A party is entitled to summary judgment when there are no genuine issues of disputed material facts. Fed.R.Civ.P. 56(c). An issue of fact is "genuine if there is sufficient evidence so that a rational trier of fact could find for the non-movant. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). "An issue of fact is 'material' if, under the substantive law, it is essential to the proper disposition of the claim." *Adler v. Wal-mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). The Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996).

In *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), the Court held that a municipality cannot be held liable under 42 U.S.C. § 1983 merely on the unauthorized acts of its agents. *Id.* at 691. *Monell* also extends to private defendants sued under § 1983. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). Because there is no *respondeat superior* liability under § 1983, a successful plaintiff must show that the corporate defendants directly caused the constitutional violation complained of by promulgating or instituting an official municipal policy of the same nature that was the "direct cause" or "moving force" behind the constitutional violations. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-85 (1986).

To prevail on his Eighth Amendment claim, Plaintiff must prove two elements: (1) objectively, that his medical needs are sufficiently serious; and (2) subjectively, the prison officials acted with a sufficiently culpable state of mind. *Self v. Crum*, 439 F.3d 1227, 1230-31 (10th Cir. 2006). A medical need is sufficiently serious if it is diagnosed by a physician, or so obvious that even a lay person would recognize the need for medical attention. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). A prison official has a sufficiently culpable state of mind if the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

There is no dispute that Plaintiff meets the objective standard; the dispute arises as to the Defendants' culpable state of mind. As proof of his claims, Plaintiff alleges that employees sometimes failed to take him to scheduled appointments with medical personnel and that they observed his 90 pound weight loss and were indifferent to his apparent deteriorating condition. He alleges their indifference caused a delay in his diagnosis and treatment.

Unfortunately for Plaintiff, his claims against CPT and GEO are not supported by the record evidence. As to CPT, it only supplied space for the medical unit. Plaintiff points to no CPT personnel who could even remotely be held liable for the claims he raises.

As for GEO, the record submitted indicates that Plaintiff frequently cancelled his own appointments with medical personnel. *See* Doc. 38-1, Exhibit F, at 1-2. His deposition testimony indicates that the one individual he could identify, Sergeant Piedra, helped him with his medical appointments. *See* Doc. 33, Exhibit B, at 78 & 79. He also said that "normally" the corrections officers did not "blow him off." *Id.*

Moreover, there is no record evidence to support his claim that he lost 90 pounds during the period prior to his diagnosis. *See* Doc. 38-1, Exhibit F, at 1. His oncologist, Kathryn Faccini, M.D., states in a letter that "it was apparent that Mr. Pauly's complaints were not responded to appropriately. He clearly suffered for many months when treatment could have relieved his symptoms as well as extending his life expectancy." *See* Doc. 38-2, Exhibit G. In her deposition, however, Dr. Faccini states that she based that opinion on what Plaintiff told her; she had not reviewed any medical records. *See* Doc. 38-3, Exhibit H, at 10-11. Plaintiff has submitted no medical records to support his allegations.

Plaintiff's failure to support his claims against CPT and GEO is fatal to his claims against those two defendants. He cannot identify any personnel who treated him with indifference; he cannot substantiate his claims of a quickly deteriorating condition which should have alerted CPT or GEO employees of his dire condition; and he does not come forth with any evidence of a custom or policy instituted by CPT or GEO that would give rise to liability. He makes no claim that CPT or GEO failed to train or adequately supervise their personnel. Accordingly, there being no genuine issue of disputed and material facts, the Court finds that the motion for summary judgment should be granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendants Correctional Properties Trust and The GEO Group, Inc.'s Motion for Summary Judgment [Doc. 30] is granted and Defendants Correctional Properties Trust and The GEO Group, Inc. are dismissed with prejudice.

IT IS SO ORDERED.

_____
Richard L. Puglisi
Chief United States Magistrate Judge