IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WESTERN COMMERCE BANK, Personal
Representative of the estate of
DARREN L. PAULY, JR.,

    Plaintiff,

v.                                              Civ. No. 09-1114 RLP/ACT

CORRECTIONAL MEDICAL SERVICES, INC.
and JOSE G. ANDRADE-BARRAZA, M.D.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion in Limine and Motion for Summary Judgment. A hearing was held on October 29, 2010.

Decedent Darren L. Pauly (Pauly) was incarcerated at the Lea County Correctional Facility in Hobbs, New Mexico. He was diagnosed with extra pulmonary small cell carcinoma of the esophagus after he was referred to Kathryn Faccini, M.D. at an outside hospital. He alleges that he received inadequate medical care while being housed at LCCF and that the Defendants' omissions violated his Eighth Amendment rights under the United States Constitution and Art. II § 13 of the New Mexico Constitution. He also claims common law negligence for Defendants' failure to provide appropriate diagnostic services and medical treatment. He alleges that had he received adequate diagnostic and medical care, he would have had a chance for a better outcome.

<u>Motion in Limine</u>

Defendants' Motion in Limine sought exclusion of any testimony of Dr. Faccini's other than her care and treatment of Pauly as no expert report was submitted in

accordance with Fed.R.Civ.P. 26(a)(2)(B). I ruled at the hearing that Dr. Faccini would be allowed to testify as to her examination, diagnosis and treatment of Pauly, including the history which he gave her. Dr. Faccini is not an expert as defined by Rule26 (b)(4)(C).

Defendants' Motion for Summary Judgment

A party is entitled to summary judgment when there are no genuine issues of disputed material facts. Fed.R.Civ.P. 56(c). An issue of fact is "genuine if there is sufficient evidence so that a rational trier of fact could find for the non-movant. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). "An issue of fact is 'material' if, under the substantive law, it is essential to the proper disposition of the claim." *Adler v. Wal-mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). The Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996). Defendants seek summary judgment on both the § 1983 and the medical negligence "loss of chance" claim.

To prevail on his Eighth Amendment claim, Plaintiff must prove two elements: (1) objectively, that his medical needs are sufficiently serious; and (2) subjectively, the prison officials acted with a sufficiently culpable state of mind. *Self v. Crum*, 439 F.3d 1227, 1230-31 (10th Cir. 2006). A medical need is sufficiently serious if it is diagnosed by a physician, or so obvious that even a lay person would recognize the need for medical attention. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). A prison official has a sufficiently culpable state of mind if the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

To prevail on his medical negligence claim, Pauly must establish the familiar elements of duty, breach, loss or damage, and causation, and each element must be proven to "a reasonable degree of medical probability." *Alberts v. Schultz*m 975 P.2d 1279, 1286 (N.M. 1999). For a plaintiff "[t]o prove a proposition to a reasonable medical probability requires expert medical testimony establishing that the proposition is more likely than not." *Baca v. Bueno Foods*, 766 P.2d 1332, 1334 (N.M. Ct. App. 1988).

When the claim of medical negligence is a loss of chance theory, "the patient must present evidence that the harm for which he or she originally sought treatment--the presenting medical problem--was in fact made worse by the lost chance." *Alberts*, 975 P.2d at 1285. The standard of proof is no different from other malpractice actions: expert medical testimony is required to establish the standard of care and show how a defendant fell below the standard of care to a reasonable degree of medical probability. *Id*. at 1286; *see* N.M. UJI-Civil 13-1101.

To some degree the § 1983 claim and the "loss of chance" medical negligence claim are intertwined. Pauly alleges that Defendants' failed to diagnose his cancer (the loss of chance) and that their failure to do so evidences their indifference to his serious medical needs (the § 1983 claim).

As proof of his claims, Pauly alleges that employees sometimes failed to take him to scheduled appointments with medical personnel and that they observed his 90 pound weight loss and were indifferent to his apparent deteriorating condition. He alleges their indifference caused a delay in his diagnosis and treatment.

The record submitted indicates that Plaintiff frequently cancelled his own appointments with medical personnel. *See* Doc. 38-1, Exhibit F, at 1-2. His deposition

testimony indicates that the one individual he could identify, Sergeant Piedra, helped him with his medical appointments.  *See* Doc. 33, Exhibit B, at 78 & 79.  He also said that "normally" the corrections officers did not "blow him off."  *Id.*

Moreover, there is no record evidence to support his claim that he lost 90 pounds during the period prior to his diagnosis.  *See* Doc. 38-1, Exhibit F, at 1.  His oncologist, Kathryn Faccini, M.D., states in a letter that "it was apparent that Pauly's complaints were not responded to appropriately.  He clearly suffered for many months when treatment could have relieved his symptoms as well as extending his life expectancy."  *See* Doc. 38-2, Exhibit G.  In her deposition, however, Dr. Faccini states that she based that opinion on what Pauly told her; she had not reviewed any medical records.  *See* Doc. 38-3, Exhibit H, at 10-11.

Based on the history that Pauly gave Dr. Faccini, she may well have thought that he did not receive adequate medical care.  Nonetheless, the medical records do not support Pauly's version of treatment.  Stated simply, there is nothing in the record submitted to the Court that would support a claim that prison personnel knew of and disregarded a serious risk to Pauly's health.

Similarly, there is no evidence submitted to the Court of the appropriate standard of care for the diagnosis and treatment of a patient with extra pulmonary small cell carcinoma of the esophagus or how the treatment given Pauly fell below this standard, proximately resulting in a loss of chance to a reasonable degree of medical probability.  The law in New Mexico is clear that the elements of medical malpractice, including damages for loss of chance must be established by expert testimony and in this case there is no such testimony.

IT IS THEREFORE ORDERED that Defendants' Motion in Limine [Doc. 42] is denied; and

IT IS FURTHER ORDERED that Defendants' Unopposed Motion for Leave to File Excess Pages [Doc. 48] is granted; and

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment [Doc. 49] is granted; and

IT IS FURTHER ORDERED that this case shall be dismissed with prejudice.

IT IS SO ORDERED.

Richard L. Puglisi
Chief United States Magistrate Judge